**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| RUFUS BROTHERS, and<br>JESSICA BROTHERS<br>     Plaintiff, | |
| v. | Case No.:    1:16-cv-294 |
| KARMEN & MICHAELS FINANCIAL GROUP, LLC<br>     Defendant. | |

## COMPLAINT

Plaintiffs Rufus and Jessica Brothers ("Plaintiffs"), by and through their undersigned counsel, bring this lawsuit against Karmen & Michaels Financial Group, LLC and allege as follows:

## NATURE OF ACTION

1. This lawsuit is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., the Texas Finance Code ("TFC") § 392.001, et seq., and the State of California Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA"), California Civil Code at §§ 1788, et seq.

2. Defendant is subject to the collection laws of the state of California because Defendant was located in the state of California at all times relevant hereto and Defendant's actions were directed at Plaintiff from Defendant's location in California.

3. Defendant is subject to the collection laws of the state of Texas because Plaintiffs were located in the state of Texas at all times relevant hereto.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 15 U.S.C.§ 1692k(d) and 28 U.S.C. § 1331.

5. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

6. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this State and this District and where Plaintiffs reside in this State and this District.

## PARTIES

7. Plaintiff Rufus Brothers ("Mr. Brothers") is a natural person, who at all relevant times resided in Delta County, Texas, and thus is a "person" as that term is defined by California Civil Code § 1788.2(g).

8. Plaintiff Jessica Brothers ("Mrs. Brothers") is a natural person, who at all relevant times resided in Delta County, Texas, and thus is a "person" as that term is defined by California Civil Code § 1788.2(g).

9. Defendant is a Delaware LLC with principal offices situated in the Newport Beach, California area.

10. Defendant may be served through Paracorp, Inc., at 2804 Gateway Oaks Dr., Suite 200, Sacramento, California  95833.

## FACTUAL ALLEGATIONS

11. Plaintiffs are or were allegedly obligated on an extremely old Nissan Motor Acceptance Corp account ("account").  The account was an automobile debt on an automobile used for personal or family purposes.  The account originated with an entity other than Defendant and went into default prior to being sold or otherwise transferred to Defendant for collection.

12. Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

13. Plaintiffs are each a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

14. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and by Cal. Civ. Code § 1788.2(d) and constitutes a "consumer debt" as that term is defined by Cal. Civ. Code §1788.2(f) and Tex. Fin. Code § 392.001(2).

15. The principal purpose of Defendant is the collection of debts using the mails and telephone and other means.

16. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

17. Defendant, in the ordinary course of business, regularly, and on behalf of itself and others, engages in the practice of collecting "consumer debts", and thereby engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

18. Because Defendant engages in "debt collection", Defendant is therefore a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

19. During the one year prior to the date of the filing of this Complaint, Defendant and/or representative(s), employee(s) and/or agent(s) of Defendant used telecommunications to communicate with Plaintiffs and their relatives about the Account in order to collect the Account.

20. In one such communication, Defendant left a message with a family member of Mrs. Brothers that stated:

> Hi this message is for Jessica.  Perry, we have time sensitive documents that need to be issued out from our clerk's office.  Please contact the issuing office

at 844-427-0382 with the following reference number:  108439.  If there's no contact, we will deem the address of employment as verified and documents will be sent out.

21. When Mr. Brothers called back to the phone number in the voicemail message, Defendant told Mr. Brothers that the message was left by a process server and that Defendant was "in the process of moving forward."  Further, Defendant told Plaintiff "It is a suit that is taking place.  Its regarding a deficiency balance on an auto loan." Defendant told plaintiff that his account was in Defendant's "litigation office" and that Defendant was in the process of "moving forward with a civil judgment." Defendant's employee identified Defendant as "KMF Litigation"

22. In the same call above, Mr. Brothers asked Defendant to hold off on serving him or his wife until he could return home the next day from a business trip so that he and his wife could discuss resolving the case.  Defendant responded by telling Plaintiff "you don't want to be served if you're going to be resolving it" and that a decision had to be made that day regarding resolving the account or service of process would go forward.

23. Defendant also told Plaintiff in that communication, "If you pull a copy of your credit report, you're going to see Karmen & Michaels on there."

24. Defendant also told Plaintiff in that communication, "We're just here to let you know … what's in the process of taking place.  And if you do want to resolve it so you don't have that judgment on your credit, we're here to help you."

25. All of the communications between Plaintiffs and Defendant described above caused Plaintiffs to believe that a lawsuit had been filed against them or immanently would be filed.

26. All of the communications between Plaintiffs and Defendant described above would have caused the least sophisticated consumer to believe that a lawsuit had been filed, or immanently would be filed, against him or her.

27. At the time the statements by Defendant regarding the filing of a lawsuit were made, and as of the filing of this complaint, no lawsuit had been filed against Plaintiffs on the account and there was no intention of doing so.

28. The statements made to Plaintiffs by Defendant during its campaign to coerce payment on the account as detailed in the above paragraphs were false, deceptive and misleading.

29. Defendants provided Mr. Brothers a written offer to settle the account.  That offer is attached hereto as "Exhibit 1."

30. There were eight or more communications between Plaintiffs and Defendant regarding this account.

31. In all of the written and oral communications between Plaintiffs and Defendant, Defendant failed to provide meaningful disclosure of its identity and failed to inform Plaintiffs that the communication was with a debt collector or that Defendant was attempting to collect a debt or that any information obtained would be used for the purpose of collecting a debt.

32. Defendant failed to provide Plaintiffs with the notices required by 15 U.S.C. § 1692g.

33. All of the conduct by Defendant described above was done knowingly and willfully.

34. Defendant's purpose for the communications with Plaintiff described above was to attempt to collect the accounts.

35. Defendant's purpose for all of the communications with Plaintiff described above was to attempt to collect the Account.

36. Each telephone call and each written correspondence individually conveyed information regarding the account directly or indirectly to Plaintiffs.

37. The telephone call(s) and written correspondence(s) each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

38. The only reason that Defendant and/or representative(s), employee(s) and/or agent(s) of Defendant made telephone call(s) to, had telephone conversation(s) with and left message(s) for Plaintiffs was to attempt to collect the Account.

39. The conduct of Defendant as described above was done knowingly and willfully and purposefully.

40. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

41. All of the conduct of Defendant as described above was done without a surety bond on file with the Texas Secretary of State as required by §392.101.

## RESPONDEAT SUPERIOR

42. The representative(s) and/or collector(s) at Defendant were employee(s) and/or agent(s) of Defendant at all times mentioned herein.

43. The representative(s) and/or collector(s) at Defendant were acting within the course and/or scope of their employment at all times mentioned herein.

44. The representative(s) and/or collector(s) at Defendant were under the direct supervision and/or control of Defendant at all times mentioned herein.

45. The actions of the representative(s) and/or collector(s) at Defendant are imputed to their employer, Defendant.

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY KARMEN & MICHAELS FINANCIAL GROUP, LLC

46. The previous paragraphs are incorporated into this Count as if set forth in full.

47. The act(s) and omission(s) of Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(d)(5)&(6) and §1692e(2)&(3)&(4)&(5)&(7)& (8)&(10)&(11)&(13) and § 1692g.

48. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Defendant.

### COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE BY KARMEN & MICHAELS FINANCIAL GROUP, LLC

49. The previous paragraphs are incorporated into this Count as if set forth in full.

50. The act(s) and omission(s) of Defendant and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.101 and 392.304(5)(A)&5(B)&(14)&(19).

51. Pursuant to Tex. Fin. Code § 392.403, Plaintiffs seek damages, reasonable attorney's fees and costs from Defendant.

52. Pursuant to Tex. Fin. Code § 392.403, Plaintiffs seek an injunction against Defendant enjoining it from future violations of the Texas Finance Code as described herein.

### COUNT III:  VIOLATIONS OF THE CALIFORNIA CIVIL CODE BY KARMEN & MICHAELS FINANCIAL GROUP, LLC

53. The previous paragraphs are incorporated into this Count as if set forth in full.

54. The act(s) and omission(s) of Defendant and its representative(s), employee(s) and/or agent(s) violated Cal. Civ. Code § 1788.10(e) and § 1788.11(b) and §1788.13(a)&(b)&(e)&(f)&(h)&(i)&(j) and 1788.16 and 1788.17.

55. Pursuant to Cal. Civ. Code § 1788.30, Plaintiffs seek damages, reasonable attorney's fees and costs from Defendant.

## COUNT IV:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY KARMEN & MICHAELS FINANCIAL GROUP, LLC

56. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant is liable to Plaintiffs for invading Plaintiffs' privacy (intrusion on seclusion).   Defendant intentionally intruded on Plaintiffs' solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

57. Plaintiffs suffered actual damages from Defendant as a result of Defendant's intrusion.

## JURY TRIAL DEMAND

58. Plaintiffs are entitled to and hereby demand a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court grant the following:

59. Judgment in favor of Rufus Brothers and against Defendant as follows:

    a.   Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b.   Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c.   Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d.   Statutory damages in the amount of $100 pursuant to Tex. Fin. Code §392.403;

e.   Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

f.   An injunction permanently enjoining Defendant following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

g.   Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403;

h.   Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

i.   Statutory damages in the amount of not less than $100 nor greater than $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

j.   Reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c);

k.   Such other and further relief as the Court deems just and proper.

60. Judgment in favor of Jessica Brothers and against Defendant as follows:

a.   Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

b.   Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

c.   Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

d.   Statutory damages in the amount of $100 pursuant to Tex. Fin. Code §392.403;

e.   Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

f.   An injunction permanently enjoining Defendant following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

g.   Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403;

h.   Exemplary damages pursuant to the common law of Texas, see, e.g.

*Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App.

1996);

i.   Statutory damages in the amount of not less than $100 nor greater than

$1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

j.   Reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c);

k.   Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
14524 Cantrell Rd.
Suite 140 – PMB 208
Rockwall, TX  75087
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@mmlaw.pro
Attorney for Plaintiff